# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-00916-FMO-JC   Document 1-1   Filed 02/10/22   Page 2 of 24   Page ID #:11

21STCV46167

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY |
|---|---|
|  | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOWBUILT, INC., a Washington Corporation, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES FULLMER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles Superior Court

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

21STCV46167

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ruben Limonjyan, Esq., 700 North Central Ave, Suite 240, Glendale, CA 91203 Phone: (213) 277-7444

Sherri R. Carter Executive Officer / Clerk of Court

DATE:  12/20/2021                                    Clerk, by   N. Alvarez                    , Deputy
*(Fecha)*                                             *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:22-cv-00916-FMO-JC Document 1-1 Filed 02/10/22 Page 3 of 24 Page ID #:12
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

1  Ruben Limonjyan, Esq. (SBN 305307)
2  rlimonjyan@lawgroupla.com
   **LIMONJYAN LAW GROUP, APC**
3  700 North Central Avenue, Suite 240
   Glendale, CA 91203
4  Tel: (213) 277-7444

5  Attorneys for Plaintiff,
6  JAMES FULLMER

7         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8      **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

9

10                                          )  Case No.:    21STCV46167
                                            )
11 JAMES FULLMER, an individual,           )  **COMPLAINT FOR DAMAGES**
                                            )
12            Plaintiff,                     )
                                            )  **1. VIOLATION OF WHISTLEBLOWER**
13                                          )     **PROTECTION PURSUANT TO LABOR**
                                            )     **CODE § 1102.5**
14     vs.                                  )  **2. RETALIATION AND DISCRIMINATION**
                                            )     **IN VIOLATION OF LABOR CODE §§**
15                                          )     **6310, 6311**
   DOWBUILT, INC., a Washington Corporation,)  **3. DISCRIMINATION IN VIOLATION OF**
16 and DOES 1 through 20, Inclusive,        )     **THE CALIFORNIA FAMILY RIGHTS**
                                            )     **ACT**
17            Defendants.                    )  **4. RETALIATION IN VIOLATION OF THE**
                                            )     **CALIFORNIA FAMILY RIGHTS ACTS**
18                                          )  **5. DISABILITY DISCRIMINATION IN**
                                            )     **VIOLATION OF THE FAIR**
19                                          )     **EMPLOYMENT AND HOUSING ACT**
                                            )  **6. RETALIATION IN VIOLATION OF THE**
20                                          )     **FAIR EMPLOYMENT AND HOUSING**
                                            )     **ACT**
21                                          )  **7. FAILURE TO PREVENT**
                                            )     **DISCRIMINATION AND RETALIATION**
22                                          )     **IN VIOLATION OF THE FAIR**
                                            )     **EMPLOYMENT AND HOUSING ACT**
23                                          )  **8. WRONGFUL TERMINATION IN**
                                            )     **VIOLATION OF PUBLIC POLICY**
24                                          )
                                            )
25                                          )  **Demand over $25,000.0**
                                            )  **DEMAND FOR JURY TRIAL**
26                                          )
                                            )
27                                          )
                                            )
28 _____     )



-1-

**COMPLAINT FOR DAMAGES**

JAMES FULLMER ("Plaintiff") is informed and believes, and alleges thereon, the following:

### **PARTIES, VENUE, AND JURISDICTION**

1.     Plaintiff, at all times relevant to this action, resided in Los Angeles County, California.

2.     Plaintiff is informed and believes, and thereon alleges that DOWBUILT, INC ("Defendant") is a California Corporation with its principal place of business in Los Angeles County, California.

3.     Plaintiff is informed and believes, and thereon alleges that Defendant is a construction company.

4.     The unlawful acts pleaded herein occurred in Los Angeles County, California.

5.     Venue is proper in Los Angeles County pursuant to California Government Code § 12965.

6.     Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.     At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

8.     Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

9.     Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on December 17, 2021, less than three years from the date of most recent actionable offense. On December 17, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

///

///

///



**COMPLAINT FOR DAMAGES**

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     Plaintiff began working for Defendant on or about August 6, 2019, as a machine operator/laborer. Plaintiff worked Monday through Friday, from on or about 7:00a.m. until or about 3:30p.m. with a 30-minute lunch break, totaling 40 hours per week. Plaintiff's good work ethic earned him, among other things, a merit pay increase, which resulted in an ending hourly wage of $31.25 per hour.

12.     On or about August 26, 2021, Plaintiff's superintendent, Tod Taylor ("Mr. Taylor"), informed him that his colleague Mauricio Campos ("Mr. Campos"), is being transferred to carpentry and that Plaintiff would have to operate the machinery on his own without help from another employee.

13.     Plaintiff was taken aback by Mr. Taylor's request to operate machinery, which Plaintiff felt was an illegal request as it was his good faith belief that the machinery may not be operated by a single user, which could prove to be unsafe for the operator. Indeed, Plaintiff informed Mr. Taylor that same moment that his request is against OSHA safety laws and that it would not be safety nor appropriate to handle it alone.

14.     Plaintiff's good faith request for a second person to operate the machinery did not sit well with Mr. Taylor who quickly lost his temper and yelled at Plaintiff "you need to get off your ass and do it." Plaintiff removed himself form the hostile situation and reported the incident to Plaintiff's previous supervisor, Michael Tressler ("Mr. Tressler"), and asked to be transferred away from Mr. Taylor out of concern for his health and safety.

15.     As a result of the incident, on or about September 2, 2021, Mr. Taylor, along with Chris Pineo ("Mr. Pineo"), Defendant's Project Manager, and Kela Martinez ("Ms. Martinez"), Defendant's Senior Project Manager, held a meeting with Plaintiff in an attempt to write him up for insubordination for not wanting to operate the machine by himself. Indeed, during that meeting, Mr. Taylor was so outraged with Plaintiff's concern for his safety based on Mr. Taylor directives, that is caused Mr. Taylor to threaten Plaintiff by stating he will "beat his ass" for disobeying his direct order.

-3-

Plaintiff reiterated his position that Mr. Taylor's request was against OSHA health and safety laws, which caused a retraction of the write up.

16.     That same day, on or about September 2, 2021, Plaintiff sent a detailed email to Kris Thompson ("Mr. Thompson"), Defendant's Director of Human Resources, and Paige Mulvey ("Ms. Mulvey"), addressing his concerns with what had transpired with Mr. Taylor's blatant OSHA health and safety violations. Plaintiff informed Defendant that he was afraid for his safety and will not be returning to work until they are addressed. On or about September 7, 2021, Defendant informed Plaintiff that it found no wrongdoing on Mr. Taylor's part as outlined in Plaintiff's complaint from September 2, 2021.

17.     As a result of the work-related stress due to the fear for his health and safety, Plaintiff's medical health professional placed him off work from on or about September 8, 2021 until or about September 21, 2021.

18.     On or about September 13, 2021, Plaintiff filed a formal complaint with the Occupational Safety and Health Administration ("OSHA") regarding Defendant's OSHA violations. Thereafter, on or about October 1, 2021, the Department of Industrial Relations ("DIR") communicated a case acceptance letter of the OSHA complaint to Defendant.

19.     As a result of the whistleblower complaints to Defendant and OSHA, and the resulting stress medical leave of absence, Defendant terminated Plaintiff's employment on or about October 11, 2021, only days after receiving the case acceptance letter from the DIR.

20.     Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation for having been retaliated against and directly discriminated against, despite over two years of outstanding and loyal service to Defendant.

## FIRST CAUSE OF ACTION

## VIOLATION OF WHISTLEBLOWER PROTECTION

## PURSUANT TO LABOR CODE § 1102.5

21.     Plaintiff incorporates by reference, all allegations in the above paragraphs of this Complaint as though fully set forth herein.

-4-

22.     Cal. Lab. Code § 1102.5(a) provides, in relevant part, that "An employer shall not make adopt, or enforce any...rule…or policy preventing an employee from disclosing information…to a person with authority over the employer, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

23.     Cal. Lab. Code § 1102.5(b) provides that "An employer...shall not retaliate against an employee for disclosing information  to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

24.     Defendant unlawfully retaliated against and discharged Plaintiff in retaliation for Plaintiff's report of unsafe working conditions at the hands of his superintendent, Tod Taylor, to Defendant on or about September 2, 2021, as well as the Labor Commissioner's office in the form of an Occupational Safety and Health Administration ("OSHA") complaint to OSHA on or about September 13, 2021. Plaintiff's complaints were a protected activity as defined under California law.

25.     Plaintiff had reasonable cause to believe that the above disclosures all involved violations of California law.

26.     The statutes previously mentioned, evince a public policy that benefits society at large, were well established at the time of Plaintiff's termination, and are substantial and fundamental.

27.     Plaintiff's assertion of her rights under Cal. Lab. Code § 1102.5 was a motivating reason for Defendant's decision to discharge Plaintiff.

28.     Defendant's conduct was a factor in causing harm to the Plaintiff as previously pled herein.

29.     As a direct and proximate result of Defendant's conduct, Plaintiff has lost and continues to lose wages and work benefits caused by his discharge. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this complaint to set forth the exact amount when it has been ascertained.

30.     Furthermore, Defendant is liable in civil penalties up to the statutory maximum of $10,000 for each violation of Cal. Lab. Code § 1102.5(f), according to proof at trial. Plaintiff is also entitled to recover attorney's fees, any and all damages resulting from Defendants' violations pursuant to Cal. Lab. Code § 1102.5.

## SECOND CAUSE OF ACTION
### RETALIATION AND DISCRIMINATION
### IN VIOLATION OF LABOR CODE §§ 6310, 6311

31.     Plaintiff incorporates by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

32.     Cal. Lab. Code § 6310 states, in relevant part, that "Any employee who is discharged ... or in any other manner discriminated against in the terms and conditions of employment by their employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer ... of unsafe working conditions, or work practices, in their employment or place of employment ... shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

33.     Cal. Lab. Code § 6311 prohibits a discharge based on a refusal to work where the work would create a real and apparent hazard to the employee or fellow employees. The employee shall further have the right to bring action for wages for the time the employee is without work as a result of the discharge.

34.     Defendant unlawfully discriminated and retaliated against Plaintiff in retaliation for Plaintiff complaining of safety issues that Plaintiff felt were being violated by his superintendant, Tod Taylor, to Defendant on or about September 2, 2021, as well as the Labor Commissioner's office in

**COMPLAINT FOR DAMAGES**

LIMONJYAN
LAW GROUP

the form of an Occupational Safety and Health Administration ("OSHA") complaint to OSHA on or about September 13, 2021. Plaintiff's conduct was a protected activity as defined under California law.

35.    Plaintiff's assertion of her rights under Cal. Lab. Code §§ 6310, 6311 was a motivating reason for Defendant's decision to retaliate against Plaintiff.

36.    Defendant's conduct was a factor in causing harm to the Plaintiff as previously pled herein.

37.    As a direct and proximate result of Defendant's conduct, Plaintiff has lost and continues to lose wages and work benefits caused by his discharge. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this complaint to set forth the exact amount when it has been ascertained.

## **THIRD CAUSE OF ACTION**

### **DISCRIMINATION IN VIOLATION OF**

### **THE CALIFORNIA FAMILY RIGHTS ACT**

38.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

39.    At all times relevant to this action, Plaintiff was employed by Defendant.

40.    At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2, et seq.

41.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12945.2.

42.    At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12-month period within the meaning of CAL. GOV'T CODE §12945.2(a).

43.    Defendant unlawfully discriminated against Plaintiff because of his serious health

**COMPLAINT FOR DAMAGES**

condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and 12945.2(q).

44.   Defendant's decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence, as previously pled herein.

45.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

46.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

47.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

48.   Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

49.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by its officers, directors, and/or managing agents.

///

-8-

**COMPLAINT FOR DAMAGES**

## **FOURTH CAUSE OF ACTION**

### **RETALIATION IN VIOLATION OF**

### **THE CALIFORNIA FAMILY RIGHTS ACT**

50.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

51.     At all times relevant to this action, Plaintiff was employed by Defendant.

52.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2, et seq.

53.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12945.2.

54.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendants, had worked at least 1,250 hours for Defendants during the previous 12 months, and had taken less than 12 weeks of leave the past 12-month period within the meaning of CAL. GOV'T CODE §12945.2(a).

55.     Defendants unlawfully retaliated against Plaintiff because of his serious health condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and 12945.2(q).

56.     Defendants' decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence.

57.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

58.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

1   great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

2        59.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

3   the future, will be required to employ physicians and incur additional medical and incidental expenses.

4   The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

5   amend this Complaint to set forth the exact amount when it has been ascertained.

6        60.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

7   directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

8   were carried out with full knowledge of the extreme risk of injury involved, and with willful and

9   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

10  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

11  employment benefits. Accordingly, an award of punitive damages is warranted.

12       61.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

13  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

14  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

15  its officers, directors, and/or managing agents.

16

17  **<u>FIFTH CAUSE OF ACTION</u>**

18  **DISABILITY DISCRIMINATION IN VIOLATION OF**

19  **THE FAIR EMPLOYMENT AND HOUSING ACT**

20       62.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

21  Complaint, as though fully set forth herein.

22       63.    At all times relevant to this action, Plaintiff was employed by Defendant.

23       64.    At all times relevant to this action, Defendant was an employer who regularly

24  employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

25       65.    At all times relevant to this action, Plaintiff was a member of a protected class within

26  the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of his disability and/or being

27  regarded as disabled.

28       66.    At all times relevant to this action, Defendant unlawfully discriminated against



-10-

1   Plaintiff, as previously alleged, on the basis of his disability and need for accommodations, by

2   terminating him.

3         67.    Defendant was substantially motivated to terminate Plaintiff because of his disability

4   and need for accommodations.

5         68.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

6   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

7   unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

8   have been diminished. The exact amount of such expenses and losses is presently unknown, and

9   Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

10   ascertained.

11         69.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

12   damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

13   great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

14         70.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

15   the future, will be required to employ physicians and incur additional medical and incidental expenses.

16   The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

17   amend this Complaint to set forth the exact amount when it has been ascertained.

18         71.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

19   directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

20   were carried out with full knowledge of the extreme risk of injury involved, and with willful and

21   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

22   fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

23   employment benefits. Accordingly, an award of punitive damages is warranted.

24         72.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

25   employees, officers, directors, and/or managing agents were undertaken with the prior approval,

26   consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

27   its officers, directors, and/or managing agents.

28   ///

-11-

LIMONJYAN LAW GROUP
EMPLOYMENT & WORKERS' COMPENSATION ATTORNEYS

## **SIXTH CAUSE OF ACTION**

### **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

73.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

74.     At all times relevant to this action, Plaintiff was employed by Defendant.

75.     At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of disability, requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto.

76.     Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

77.     Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

78.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating him.

79.     Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his disability, requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto, as previously pled herein.

80.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

81.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

**COMPLAINT FOR DAMAGES**

damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

82.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

83.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

84.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by its officers, directors, and/or managing agents.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

85.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

86.    At all times relevant to this action, Plaintiff was employed by Defendant.

87.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

88.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of Plaintiff's disability and/or being regarded as disabled.

-13-

89.     At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of his requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto, as previously pled herein, by terminating his employment.

90.     Defendant was substantially motivated to terminate Plaintiff on the basis of his requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto, as previously pled herein.

91.     Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

92.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

93.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

94.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

95.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

-14-

**COMPLAINT FOR DAMAGES**

1   fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

2   employment benefits. Accordingly, an award of punitive damages is warranted.

3       96.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

4   employees, officers, directors, and/or managing agents were undertaken with the prior approval,

5   consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

6   its officers, directors, and/or managing agents.

7

8                           **EIGHTH CAUSE OF ACTION**

9             **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10      97.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

11  Complaint, as though fully set forth herein.

12      98.     At all times relevant to this action, Plaintiff was employed by Defendant.

13      99.     At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

14  and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

15  from terminating any employee on the basis of being regarded as disabled, requests for reasonable

16  accommodations, serious health condition, and/or medical leaves of absence as previously pled herein.

17      100.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of

18  rights under CAL. GOV'T CODE §§12900 *et seq*.

19      101.    Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 *et seq*. was a

20  substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was

21  a substantial factor in causing harm to Plaintiff as set forth herein.

22      102.    CAL. GOV'T CODE §§12900 *et seq*. evinces a policy that benefits society at large, was

23  well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

24      103.    Defendant's wrongful termination of Plaintiff's employment was substantially

25  motivated by his disability, being regarded as disabled, requests for reasonable accommodations,

26  serious health condition, and/or medical leaves of absence.

27      104.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

28  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

-15-

unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

105.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

106.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

107.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

108.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHERFORE, Plaintiff JAMES FULLMER, prays for judgment against Defendant DOWBUILT, INC., and DOES 1 through 20, as follows:

1.  Past and future economic and non-economic damages according to proof;
2.  Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;



-16-

3. Injunctive relief prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

6. All other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: December 17, 2021

**LIMONJYAN LAW GROUP, APC**

By: _____
Ruben Limonjyan, Esq.
Attorneys for Plaintiff,
JAMES FULLMER



-17-

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-00916-FMO-JC   Document 1-1   Filed 02/10/22   Page 20 of 24   Page ID #:29

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ruben Limonjyan, Esq. (SBN 305307)<br>LIMONJYAN LAW GROUP, APC<br>700 North Central Ave, Suite 240<br>Glendale, CA 91203<br>TELEPHONE NO.: 213.277.7444       FAX NO.: 213.270.9374<br>ATTORNEY FOR *(Name):* Plaintiff, James Fullmer | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

CASE NAME:
James Fullmer vs. Dowbuilt, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV46167 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2021

Ruben Limonjyan, Esq.
_____(TYPE OR PRINT NAME)_____            ►  _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| SHORT TITLE: James Fullmer vs. Dowbuilt, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: James Fullmer vs. Dowbuilt, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: James Fullmer vs. Dowbuilt, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: James Fullmer vs. Dowbuilt, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 28116 Pacific Coast Highway |
|---|---|
| CITY: Malibu | STATE: CA | ZIP CODE: 90265 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Stanley Mosk_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _December 17, 2021_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4